USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/30/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARSEILLE,

                      Plaintiff,

-against-

NATIONAL FREIGHT INC., ET AL.

                      Defendants.

------------------------------------------------------------x

1:15-cv-7924 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

This case arises out of an automobile accident between Kerleine Marseille ("Marseille" or "Plaintiff") and Frederick Robinson, a trucker for National Freight Inc. (collectively, "Defendants"). Plaintiff claims that Defendants acted negligently when Robinson's truck sideswiped her sedan on Highway I-87, just outside of Tarrytown, New York. Defendants claim that Plaintiff was travelling at an unsafe, low speed and failed to keep a proper lookout, and thus was also negligent. Plaintiff now seeks partial summary judgment as to liability. The parties do not dispute that, in light of recent developments in New York law, Defendants' negligence is not a matter for the jury's consideration. However, the parties dispute whether Plaintiff's own negligence should go before the jury. Because the Court concludes that disputes of material fact remain as to Plaintiff's comparative fault, Plaintiff's partial motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

I.     **Factual Background**

The following factual summary consists of only undisputed material facts ("UMF"), unless

otherwise indicated. These facts are, in significant part, copied verbatim from the parties' Rule 56.1 Statements, and, where those facts are ambiguous or an inference is necessary, construed in favor of Defendant as the nonmoving party.[1]

The collision at issue occurred on August 1, 2014 at around 6:20 a.m. on Interstate 87 northbound near the village of Tarrytown, New York, at or around mile marker 12.7. UMF ¶¶ 1-2, 8; *see* Declaration of Adam Roth ("Roth Decl."), Ex. 3 (Police Report) (ECF No. 34); *see also* Deposition of Kerleine Marseille ("Pl's Depo.") at 8:8-9 (ECF No. 47); Deposition of Frederick Robinson ("Def's Depo.") at 11:15-17 (ECF No. 47). At that time, it was either daylight or "almost daylight." *Compare* Pl's Depo. at 8:25-9:3 (testifying that it was light out), *with* Def's Depo. 21:3-4 (testifying that it was "still dark, almost daylight"). Defendant Robinson, a licensed commercial driver, entered I-87 approximately one to two minutes before the accident occurred, driving an "International Tractor Trailer" owned by Defendant National Freight Inc., with its headlamps on. UMF ¶¶ 3-4, 16; see Def's Depo. at 15:3-5, 21:5-6. He started out in the far left lane,[2] remaining there approximately 30 seconds before changing one lane to the right. UMF ¶ 19. He remained in that lane for one to two minutes before turning on his turn signal for at least five seconds in anticipation of changing lanes to the third lane from the left. UMF ¶¶ 20, 23, 26. The far left lane was going to end and merge into the second lane from the left a short distance

---

[1] *See* Proposed Statement of Material Facts Under Local Rule 56.1 (ECF No. 36); Response to Plaintiff's Statement of Material Facts (ECF No. 36). References to the Rule 56.1 statements are presumed to incorporate the counterparty's responses, as applicable, as well as the documents and deposition testimony cited therein. However, because Plaintiff has failed to respond to Defendant's counterstatement of additional material facts, the Court may deem those facts admitted so long as they are supported by the record evidence. Local Rule 56.1(c); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). In addition, unless otherwise indicated, a standalone citation to a 56.1 Statement represents that this Court has overruled any objections and deemed the underlying factual allegation undisputed. Additionally, Plaintiff's supporting brief (ECF No. 33) will be referred to as "Pl's Mem."; Defendants' opposition brief (ECF No. 37) as "Defs' Mem."; and Plaintiff's reply brief (ECF No. 39) as "Pl's Reply."

[2] The record is somewhat unclear as to how many lanes there were in this area; however, it appears there were four lanes at the point Defendant entered I-87. Pl's Depo at 12:12-14; Def's Depo. at 18:18-21.

ahead of where the accident would occur. UMF ¶ 21. Thus, he decided to change lanes to avoid driving in what would become the passing lane. UMF ¶ 22. So, he checked his mirrors and, after observing no vehicle to his right, began "easing" from his lane into the lane to his right. UMF ¶¶ 24-25. His truck began to impact the Toyota sedan that Plaintiff was driving in that lane, *i.e.*, when Defendants' truck was partially in two lanes, and when Plaintiff's vehicle was wholly in a single lane. UMF ¶¶ 7, 10-11. Defendant Robinson never saw Plaintiff's vehicle prior to the impact. UMF ¶ 9. Plaintiff never saw the truck's turn signal activated. UMF ¶ 27.

Plaintiff's vehicle was travelling at approximately 35 miles per hour before the accident, and Defendant's vehicle at approximately 55 miles per hour. UMF ¶¶ 28-29. While Plaintiff testified that the speed limit in this area was 30 miles per hour, Defendant testified the speed limit was 65 miles per hour. UMF ¶¶ 17-18. There was little to no traffic at the time. Pl's Depo. 11:4-6; Def's Depo. 20:16-18. Plaintiff testified that, because she "always do[es] the speed limit[,]" "30 miles [per hour], 35, [is] the most [she] do[es] on [I-87]." Pl's Depo 20:11-16. Because the truck "caught up to [her] real quick[,]" she was confident that it was going faster than she was. Pl's Depo 20:20-25.

Plaintiff had slept approximately seven-and-a-half hours the previous evening, was wearing glasses for distance, had not taken any medication that morning, and was not using a cell phone at the time of the accident. Pl's Depo. at 12:6-13:11, 21:2-6. She had been driving approximately 20-25 minutes and was on her way to work. Pl's Depo. at 8:3-4, 14:9-14. Defendant had been driving around two or three hours already, was wearing glasses, and had not consumed any alcohol or taken prescription medication in the previous 24 hours (nor had he failed to take any medication he was prescribed). Def's Depo at 12:8-13:6.

## II. Procedural History

On May 5, 2015, Plaintiff commenced this action and, on October 7, 2015, Defendants timely removed to this Court, invoking federal diversity jurisdiction. *See* Notice of Removal (ECF No. 1); *see also* Complaint ("Compl.") (ECF No. 1-1). On October 27, 2017, Plaintiff filed the instant motion. *See* Motion for Summary Judgment (ECF Nos. 32-36). On April 3, 2018, the Court sought and obtained supplemental briefing as to whether Plaintiff's motion should be granted as to Defendants' liability in light of the New York Court of Appeals' recent decision in *Rodriguez v. City of New York*, 2018 N.Y. Slip. Op. 02287 (Apr. 3, 2018), where the Court held that a plaintiff does not have to demonstrate the absence of her comparative fault in order to obtain partial summary judgment on a defendant's liability. *Id.*; *see* Order (ECF No. 42). In their letter submissions, the parties agreed that triable issues of fact regarding a plaintiff's comparative negligence are no longer a bar to granting plaintiff partial summary judgment on the issue of a *defendant's* liability, but differed as to whether triable issues exist as to Plaintiff's comparative fault. *See* Letters (ECF Nos. 43, 45).

## DISCUSSION

### A. Standard of Review Governing Motions for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). "There is no issue of material fact where the facts are irrelevant to the disposition of the matter." *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013). "Speculation, conclusory allegations and mere denials are not enough to raise genuine

4

issues of fact." *Id.* (citing *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd.*, 696 F. Supp. 897, 900 (S.D.N.Y. 1988)).

The burden lies with the moving party to demonstrate the absence of any genuine issue of material fact and all inferences and ambiguities are to be resolved in favor of the nonmoving party. *See Celotex Corp.*, 477 U.S. at 323; *see also Hotel Emps. & Rest. Emps. Union, Local 100 v. N.Y.C. Dep't of Parks & Recreation,* 311 F.3d 534, 543 (2d Cir. 2002). If "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

### B. Defendant's Negligence

As discussed above, the parties do not dispute that the New York Court of Appeals' decision in *Rodriguez* necessitates that Plaintiff's motion be granted as to Defendants' liability, without consideration of Plaintiff's comparative fault. As such, the portion of Plaintiff's motion seeking summary judgment as to Defendants' liability is granted.

### C. Plaintiff's Negligence

Defendants contend that Plaintiff was negligent because she was driving at an unsafe speed when the accident occurred, and failed to keep a proper lookout to avoid the accident. Defs' Br. at 3-4. Plaintiff counters that Defendant "failed to prove that such a minimum speed limit existed on the New York Thruway at the location of the accident." Pl's Letter Brief at 1-2 (citing N.Y. V.T.L. § 1181).

However, while a violation of the Vehicle and Traffic Law is clearly sufficient to establish negligence, Plaintiff cites no authority establishing that it is necessary. *See, e.g., Koziol v. Wright*, 809 N.Y.S.2d 350, 352 (N.Y. App. Div. 4th Dep't 2006) ("'[I]t is well settled that 'a defendant's

5

unexcused violation of the Vehicle and Traffic Law constitutes negligence per se.'") (quoting *Devoe v. Kaplan*, 717 N.Y.S.2d 767, 768 (N.Y. App. Div. 3d Dep't 2000)). Even if it were necessary, a triable issue of fact would still remain, given that Plaintiff and Robinson testified to vastly different speed limits in the area, and neither side has submitted any other objective evidence corroborating either account of the speed limits. Should Robinson's account be correct, Plaintiff might be said to have violated N.Y. V.T.L. § 1181(a), given that she would have been travelling at 35 miles per hour in a 65 mile-per-hour zone, around dawn, seemingly in the blind spot of a tractor trailer. *See id.* (providing that "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."). This is especially so where, as here, the record is devoid of any other context needed to properly assess whether Plaintiff committed such a violation. *See, e.g., People v. Beeney*, 694 N.Y.S.2d 583, 586 (Monroe Cty. Ct. 1999) (adopting standard that "the dispositive factor when determining whether slow speed is a violation . . . is its effect upon other drivers[, or whether] the slowness impedes traffic so as to pose a real danger to other motorists, as opposed to potential danger or temporary inconvenience.").

And, irrespective of the question of the speed limit, Plaintiff still has a duty, even despite her having the right-of-way, to "keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles." *Regans v. Baratta*, 965 N.Y.S.2d 171, 172 (N.Y. App. Div. 2d Dep't 2013). Crediting the evidence that Robinson had his blinkers on for five seconds and that Plaintiff did not see them, a jury could rationally conclude that Plaintiff failed to keep a proper lookout, even despite her having the right-of-way. This is especially curious, given that Plaintiff *did* actually notice that Defendant's truck approached her quickly from behind, travelling at a significantly faster speed. The issue of

comparative fault is generally a question for the trier of fact, and, for the above-stated reasons, this case is no different. *Regans*, 965 N.Y.S.2d at 172.

The portion of Plaintiff's motion seeking summary judgment as to her lack of comparative negligence is denied.

## CONCLUSION

For the reasons discussed above, Plaintiff's partial motion for summary judgment (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART**. In accordance with the Court's Individual Practices in Civil Cases, a joint pretrial order is due within 30 days of the filing of this opinion, unless the parties notify chambers within that period that they agree that the case should be referred for mediation or for a settlement conference before a magistrate judge.

The Clerk of the Court is respectfully directed to terminate ECF No. 32.

**SO ORDERED.**

**Dated:** **New York, New York**
 **April 30, 2018**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**